9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joann M. PRELLER, Plaintiff-Appellant,
v.
Donna E.SHALALA,** Secretary of Health and
Human Services, Defendant-Appellee,
 No. 92-35160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 25, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joann Preller appeals the district court's summary judgment upholding the decision of the Secretary of Health and Human Services that she is not entitled to disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1391-1993. She also alleges that she was denied a fair hearing because the administrative law judge who presided over her case, ALJ Madden, was biased against her. The decision of the district court is affirmed.
 
 
 3
 * The Secretary's decision to deny Preller disability benefits was supported by substantial evidence in the record. Although Preller has several medical problems and limitations, she submitted no medical evidence or professional opinion testimony to support her claim that she is unable to perform substantial gainful activity. To the contrary, none of Preller's treating or examining physicians concluded that Preller was disabled.
 
 
 4
 Preller first contends that the ALJ erred by finding that Dr. Stickney was her treating physician because he only examined her one time. She argues that Dr. Winter, who reported that he was unable to make a recommendation regarding Preller's disability status because he had not recently examined her, was her treating physician and therefore his medical opinion was entitled to more weight than Dr. Stickney's. The significant fact is that neither Dr. Stickney nor Dr. Winter corroborated Preller's testimony regarding her medical ailments and her alleged excess pain. Additionally, none of the consulting physicians found Preller disabled. Because Dr. Stickney's opinion did not controvert Dr. Winter's opinion, the designation of the "treating physician" title was immaterial. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir.1990) (ALJ's alleged error harmless where it was immaterial to the outcome).
 
 
 5
 Preller also contends that the administrative law judge should have credited all of her testimony about pain and limitations, and that based on this testimony, she is disabled. However, an administrative law judge is not required to accept such testimony where it is not otherwise supported in the record and where the judge makes specific findings regarding the claimant's lack of credibility. Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir.1992); see also Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991) (en banc); Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986) (per curiam). Such findings were made here in detail.
 
 
 6
 In addition to the testimony and reports of Preller's physicians that Preller suffered from only minimal, intermittent orthopedic pain and enjoyed a wide range of painless movement and activity, the ALJ considered the following factors in determining that Preller's allegations of severe, disabling pain were not credible: the vocational evaluation indicated that she lacked the motivation to return to the workforce; she refused to acknowledge whether other medical records existed or were available; she gave contradictory testimony regarding her use of the prescribed medications; she testified that she had stopped smoking although a medical report indicated that she continued to do so; she failed to follow her prescribed course of treatment; and at the hearing, despite her claim that she could not speak audibly, she spoke in a loud whisper that was understandable from a distance. These findings go to both the absence of a medical basis for Preller's claimed pain, and to Preller's lack of credibility.
 
 
 7
 Because the ALJ made specific findings justifying his decision to disbelieve Preller's alleged excess pain testimony and the findings were supported by substantial evidence in the record, this court cannot say the ALJ clearly erred in finding that Preller was not disabled. See Drouin, 966 F.2d at 1259; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989). Rather, as the vocational expert at Preller's hearing testified, there are a variety of light and sedentary activities that Preller can perform.
 
 
 8
 Preller contends that the hypothetical questions posed by the ALJ to the vocational expert were deficient. However, a review of the record does not support Preller's arguments. The ALJ's hypothetical questions included her problems with dust and fumes, her occasional coughing, her educational level and the medical impairments contained in Dr. Winter's assessment. Following questioning by Preller's attorney alleging that any physical activity resulted in pain for Preller, the vocational expert stated that hypothetically Preller would be precluded from doing any jobs.
 
 
 9
 The ALJ, however, was free to reject the more restrictive limitation set forth in the hypothetical posed by Preller's attorney because it was not supported by the record. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989). Because the restrictions contained in the ALJ's hypotheticals were supported by substantial medical evidence in the record, the ALJ properly relied on the vocational expert's testimony to determine Preller's residual functional capacity. See id.
 
 II
 
 10
 Preller, through her counsel, bases her appeal principally on her contention that the administrative law judge is incompetent and biased and should have been disqualified. Apparently, Preller's attorney feels that ALJ Madden should be disqualified in every case. However, although the ALJ did find that Preller was not completely credible, and insinuated that she and her counsel were seeking to distance themselves from unfavorable medical evidence, there is no evidence that these statements were the product of judicial bias against either Preller or her attorney rather than an honest assessment of the evidence in the case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala, the current Secretary of HHS, is substituted for former Secretary Sullivan. See Fed.R.App.Pro. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3