21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond W. YOUNG, Plaintiff-Appellant,
v.
Donna E. SHALALA, M.D.,** Secretary of Health
& Human Services, Defendant-Appellee.
 No. 92-56147.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided April 8, 1994.
 
 Before: BRIGHT,*** WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM****
 
 
 2
 Raymond W. Young appeals following the magistrate judge's grant of summary judgment in favor of the Secretary of Health and Human Services on Young's claim for Title II social security disability insurance benefits. We affirm.
 
 I.
 
 3
 On January 13, 1989, Young sustained an injury after falling onto a concrete patio on his head while working six to ten feet above the ground. Dr. F. Sanchez diagnosed Young of suffering from a cerebral concussion and referred him to a hospital for neurological observation.
 
 
 4
 From May 30 through September 27, 1989, Young received treatment from Dr. Russell Nelson. After Young underwent an MRI scan, Dr. Nelson diagnosed cervical strain with C5-65 disc disease and possible left hand radiculopathy based upon decreased sensation in the second, third and fourth fingers. In August 1990, Young saw Dr. Nelson for a prescription after having not received treatment for five months; at that time Dr. Nelson reported that sensation had improved and that there was only a slight decrease in sensation in the index finger.
 
 
 5
 Young received medical treatment from Dr. Andrew K. Sanderson between March 7 and September 26, 1989. Dr. Sanderson concluded that Young suffered from cephalgia, vertigo, contusion of the scalp and musculoligamentous strain of the cervical and thoracic spine. Young underwent physical therapy for those injuries.
 
 
 6
 An ophthalmologist, Dr. R. Samson, reported that Young's vision in October 1989 was 20/25 in the right eye and 20/20 in the left eye.
 
 
 7
 Dr. Edmund F. Walker conducted a consultative examination of Young in March 1990. Motor and sensory examinations were essentially normal. Young experienced some decrease in lateral rotation of the cervical spine, tenderness in the cervical muscles and limitation in forward bending because of complaints of pain, and reflexes were slightly decreased in the biceps. Dr. Walker diagnosed cervical and lumbosacral sprain and possible stretch injury to the left brachial plexus.
 
 
 8
 Prior to the accident Young worked as a freight dock worker. Young's educational level was between that of a seventh- and eighth-grader.
 
 
 9
 On January 30, 1990, Young sought disability insurance benefits pursuant to Title II of the Social Security Act, asserting an onset of disability of January 13, 1989 resulting from the fall. At the time Young was forty-nine years old and had not sought new employment or attended any vocational retraining program.
 
 
 10
 At the hearing before an Administrative Law Judge (ALJ), Young testified that his treating physician, Dr. Nelson, told him he could go back to work, but not to his former work.
 
 
 11
 The vocational expert, Mary Ellen Torrez, Ph.D., testified that Young's past work was considered unskilled, heavy to very heavy work. In response to the hypothetical describing claimant's work experience, education, age and the medical evidence, including loss of range of motion and sitting and standing limitations, Dr. Torrez stated that such a hypothetical person could do the least physically demanding types of jobs, which range in terms of exertional level somewhere between light and sedentary, and include "security gate attendant types of jobs" for which there are 7000 in the Los Angeles, Orange County area. When asked by claimant's representative to consider the same hypothetical with additional facts of limitation to sedentary exertional level, dizziness, neck and back pain, occasional left hand numbness and no bilateral dexterity, Dr. Torrez's opinion did not change. Further, the adjustment to the type of work indicated would be minimal.
 
 
 12
 The ALJ did not find Young's physical complaints of severe pain and disabling physical limitations credible because they contradicted earlier self-reports and failed to comport with the medical evidence, as well as the fact that Young had ceased seeking medical treatment. The ALJ concluded that Young retained the residual functional capacity for the full range of sedentary work activity not requiring prolonged sitting and standing, that is, where the claimant has an option to sit and stand at will. The ALJ also concluded that Young could not return to his past relevant work as a warehouse worker.
 
 
 13
 The ALJ then considered whether there existed significant numbers of jobs for an individual matching Young's medical-vocational profile. Answering this in the affirmative based on the testimony of the vocational expert, the ALJ determined that Young was not disabled and thus not entitled to Title II disability insurance benefits.
 
 II.
 
 14
 The court of appeals reviews the grant of summary judgment de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). "The Secretary's decision adopting the ALJ's denial of benefits will stand if we determine that substantial evidence supports the ALJ's findings and that the ALJ applied the correct legal standards." Id. Substantial evidence is such relevant evidence as a reasonable mind could accept to support a conclusion. Id.
 
 
 15
 Young does not challenge the ALJ's credibility determination or the factual findings relative to his physical injury. Rather, Young contends that the Medical-Vocational Guidelines mandate a determination of disability because such a result is required for a younger individual, i.e., under age forty-five, with no bilateral dexterity that is restricted to sedentary work, see 20 C.F.R. Sec. 201.001(h), example 1. Young argues that because the occupational base has diminished to the extent it has, the Guidelines mandate a finding of disability and thus any opinion by the vocational expert to the contrary is without force.
 
 
 16
 Title II of the Social Security Act provides for the payment of insurance benefits to qualified individuals who suffer from a physical or mental disability. As defined by 42 U.S.C. Sec. 423(d)(1)(A), a disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The Act further provides that
 
 
 17
 An individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy,.... For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.
 
 
 18
 Sec. 423(d)(2)(A).
 
 
 19
 The regulations establish a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. Secs. 404.1520, 416.920 (1989); Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Here, the ALJ found that Young was not engaged in a substantial gainful activity and that he had a medically severe combination of impairments unequivalent to any listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. Accordingly, the ALJ turned to the fourth step of the inquiry, and based on the medical evidence, determined that Young established his incapability of performing his past relevant work. The ALJ then proceeded to step five, the resolution of which is the focal point of contention.
 
 
 20
 Under step five, the Secretary must prove that there are jobs in the national economy which the claimant can perform. See Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990). The ALJ must apply the Medical-Vocational Guidelines if a claimant suffers only from an exertional impairment, i.e., strength-related. In the case of non-exertional impairment, including such limitations as mental, sensory, postural, manipulative and environmental, the ALJ must first consult the "grids" to determine if a finding of disability is mandated. If not, further evidence and analysis is necessary, with use of the "grids" as a " 'framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.' " Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.1989) (quoting 20 C.F.R. Part 404, Subpart P, Appendix 2, Sec. 200.00(e)(2)).
 
 
 21
 Here, the ALJ first looked to the Guidelines and found that Rule 201.18, providing for a "no disability" finding, did not directly match Young's condition. The ALJ then determined that Young had a non-exertional impairment based upon additional postural limitations. From that determination, the ALJ properly received testimony from a vocational expert who opined that there existed 7000 jobs in the local economy that a hypothetical person of Young's age, education, work experience, and residual functional capacity could perform. Young does not challenge the accuracy of the vocational expert's opinion as to the number of jobs available. In conclusion, the ALJ followed the applicable law and there exists substantial evidence to support the ALJ's conclusion. See Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477-80 (9th Cir.1989).
 
 III.
 
 22
 We affirm the grant of the Secretary's motion for summary judgment. Young's failure to prevail on the merits moots the issue of attorney's fees.[1]
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also deny as moot Young's motion to file an appendix with his reply brief