24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jean ACKERSON, Plaintiff-Appellant,
v.
Donna W. SHALALA, Secretary, Health & Human Services,
Defendant-Appellee.
 No. 93-35813.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jean Ackerson appeals the district court's order of summary judgment in favor of the Secretary of Health and Human Services (Secretary), which affirmed the Secretary's determination that Ackerson was not disabled within the meaning of Title XVI of the Social Security Act, 42 U.S.C. Sec. 401 et seq. Ackerson contends that the administrative law judge (ALJ) improperly rejected the opinion of one of her treating physicians. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 Ackerson filed a claim for social security income benefits on March 27, 1990, alleging an inability to work because of severe mental depression, angina, osteoarthritis. At the time of the hearing before the ALJ, Ackerson was 55 years old, had completed the eighth grade, and had not worked since December 1989.
 
 
 5
 Ackerson saw several physicians, psychologists, and psychiatrists between February 1990 and November 1991. Between February and April 1990, she was diagnosed for severe to moderate major depression without psychosis, accompanied by dependant personality disorder. Several doctors expressed doubts during this period that Ackerson would be able to work in the near future. In April 1990, Ackerson began drug treatment, and her condition improved over the next few months. A number of doctors saw Ackerson between September 1990 and April 1991 and gave different diagnoses regarding the severity of her depression. Most doctors reported continued improvement in her condition during this period.
 
 
 6
 Dr. Smolen, a psychiatrist at a mental health clinic where Ackerson was treated between April and October 1990, reported in November 1990 that Ackerson's depression was improving and that her attention span seemed "intact," although Dr. Smolen noted that her insight and motivation to get better were poor. Dr. Smolen's clinical findings also stated that Ackerson said that she had some concentration problems, "but not a lot," and that her sleep was improving. Dr. Smolen signed two reports in June and July of 1991, which purportedly covered the period from April 1990 to November 1990. The reports stated that Ackerson was markedly limited in her ability to maintain attention and concentration for extended periods and to work a normal work day and work week. Dr. Smolen also concluded the Ackerson was disabled pursuant to 20 C.F.R. Sec. 416.920(d).
 
 
 7
 Because the medical evidence conflicted, the ALJ called Dr. Moulton, a non-examining, non-treating psychologist, as a medical advisor. Based upon the available medical records Dr. Moulton testified that Ackerson suffered from dysthymia, rather than major depressive syndrome, and a dependent personality disorder. Dr. Moulton testified that Ackerson's mental condition was not severe enough to constitute a disability within the meaning of 20 C.F.R. Sec. 416.920(d). A vocational expert testified that Ackerson could perform her past relevant work as a telephone receptionist, based in part on an evaluation prepared by Dr. Moulton. The expert also considered Dr. Smolen's 1991 reports and opined that if the reports were accurate concerning Ackerson's attention, concentration, and work abilities, Ackerson could not perform her past relevant work. The ALJ adopted the medical findings and conclusion of Dr. Moulton and rejected those of Dr. Smolen.
 
 
 8
 The ALJ then found that Ackerson suffered from severe physical impairments and a serious mood disorder, but that she was not disabled and could perform her past relevant work as a telephone answering operator.
 
 II
 Merits
 
 9
 We review the district court's order upholding the Secretary's denial of benefits de novo. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). We must affirm the ALJ's denial of benefits so long as it is supported by substantial evidence and the ALJ applied the correct legal standards. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992).
 
 
 10
 The opinion of a treating physician is due greater weight but it is not necessarily conclusive as to either physical condition or the ultimate issue of disability. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). The ALJ must give specific, legitimate reasons based upon evidence in the record for rejecting the treating physician's opinion, where that opinion is controverted by other evidence. Matney, 981 F.2d at 1019; Magallanes, 881 F.2d at 751; see also 20 C.F.R. Sec. 404.1527.
 
 
 11
 In rejecting Dr. Smolen's opinion, the ALJ noted that Dr. Smolen's reports stating that Ackerson had a "markedly limited" ability to maintain attention directly contradicted Dr. Smolen's clinical findings in November 1990 that Ackerson's attention span was intact. The ALJ also noted that Ackerson's own testimony contradicted Dr. Smolen's conclusions concerning her limited ability to use public transportation, and no evidence in the record supported Dr. Smolen's finding of a marked limitation in Ackerson's ability to travel.[1] The ALJ noted that the moderate limitation of memory listed in Dr. Smolen's reports lacked support in Dr. Smolen's clinical findings, which did not mention any limitation in memory. Finally, the ALJ noted that Ursula Tabor, a mental health specialist working at the same clinic as Dr. Smolen, actually prepared the 1991 reports and that her opinion was not entitled to the same weight as Dr. Moulton's opinion.
 
 
 12
 Because Dr. Moulton's testimony and findings were based on and consistent with other medical records and evaluations, including some of Dr. Smolen's, the ALJ properly relied on Dr. Moulton's testimony and findings. See Magallanes, 881 F.2d at 752-53 (report by consultative physician called by ALJ may constitute substantial evidence where report supported by some other evidence). Moreover, the ALJ rejected Dr. Smolen's ultimate conclusion that Ackerson was disabled by stating specific and legitimate reasons based upon substantial evidence in the record. See Matney, 981 F.2d at 1020 (specific, legitimate reason exists where treating physician agrees to assist in presenting petition for benefits); Magallanes, 881 F.2d at 753-54 (sufficient reasons stated where ALJ finds that objective medical findings do not support treating physician's conclusion).
 
 
 13
 Accordingly, the Secretary's finding that Ackerson was not disabled was supported by substantial evidence in the record. See Magallanes, 881 F.2d at 754-55. The district court therefore properly granted summary judgment in favor of the Secretary. See Drouin, 966 F.2d at 1259.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ackerson testified that she used public transportation weekly