29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Aaron BARTLETT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-56339.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Aaron Bartlett appeals pro se the district court's order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary) in his action for social security disability insurance benefits and supplemental security income benefits based on disability under Titles II and XVI of the Social Security Act, 42 U.S.C. Secs. 401-403, 1381-83. Bartlett contends the district court erred by granting summary judgment because the Secretary's decision denying him benefits was not supported by substantial evidence. He also asserts that he was entitled to appointed counsel on appeal.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will not disturb the Secretary's decision to deny benefits if it is supported by substantial evidence and free of legal error. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Where the record supports the Secretary's decision but contrary evidence exists, this court will not substitute its judgment for that of the ALJ. Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1989).
 
 
 4
 Bartlett applied for benefits in late 1990, alleging that he had been disabled since August 15, 1989 due to back and neck problems, obsessive compulsive disorder, anxiety, and depression. At his hearing before the ALJ, Bartlett explained that he suffered from debilitating panic attacks, but he complained of no physical problems. He testified that he helped around the house, mowed the lawn, and drove to and from his doctors' appointments. He points to a magnetic resonance image taken in December 1988 showing a mild bulging disc in the neck at the C-7 level, but he does not indicate how this alleged impairment limits his ability to work.
 
 
 5
 Results of three neurological and psychiatric examinations in 1991 and 1992 showed that Bartlett was alert, cooperative, oriented, coherent, and that his affect was appropriate. One examining physician concluded, nonetheless, that Bartlett could not concentrate well and was unable to function.
 
 
 6
 On an intake form he executed in February 1991, more than a year after the date he alleges disability, Bartlett indicated that he was working cutting lumber. A vocational expert testified that Bartlett could return to warehouse work, which he had previously done, or seek unskilled janitorial or factory work, which was available in the southern California economy.
 
 
 7
 On the basis of this evidence, the ALJ concluded that Bartlett could work at "routine and repetitive, entry level ... work which is minimally stressful, not excessively demanding intellectually or emotionally, requires no contact with the general public, and only superficial interpersonal contact."
 
 
 8
 The Secretary's finding that Bartlett retained the residual functioning capacity to work was supported by substantial evidence in the record. See Magallenes, 881 F.2d at 754-55. It was not error to grant summary judgment in favor of the Secretary. See Drouin, 966 F.2d at 1259.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A panel of this court denied Bartlett's motion for appointment of counsel on November 4, 1993. Notwithstanding Bartlett's claim to the contrary, it is well established that there is no constitutional right to counsel in civil proceedings. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986)