Dawn DROUIN, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

No. 91–55325.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 1992.*

Memorandum Filed March 10, 1992.

Order and Opinion Filed June 15, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

Matty M. Sandoval, Robert Hoad, San Diego, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before: WALLACE, Chief Judge, BROWNING, Circuit Judge, and JONES.**

### ORDER

The Memorandum filed March 10, 1992, 956 F.2d 1166, is redesignated an authored Opinion.

### OPINION

ROBERT E. JONES, District Judge:

Appellant, Dawn Drouin, seeks judicial review of a final decision of the Secretary of Health and Human Services denying her claim for Supplemental Security Income benefits based on disability. She appeals a district court judgment entered January 3, 1991, granting the Secretary's motion for summary judgment and denying Drouin's motion for reversal and/or remand. We find that the district court was correct in finding substantial evidence in the record to support the Secretary's final decision and affirm the action of the district court.

### I. FACTS AND PROCEEDINGS

Dawn Drouin is a 25-year-old high school graduate who has been diagnosed with Ehlers–Danlos syndrome, a connective tissue disease, and with severe scoliosis. At the time of her administrative hearing, held May 8, 1989, she was living with her mother and stepfather and attending college part time. She last worked in June of 1986, when she was a part-time clerk at Carl's Junior, a fast-food restaurant. Drouin held that job for six months; before that, she worked for almost a year at a photo film processing lab.

Drouin alleges that physical and mental exhaustion prompted her to quit her job at Carl's Junior. She usually worked four hours a day, five days a week. Occasionally she worked an eight-hour shift, but a full day made her extremely tired, and, according to her testimony, she had to sleep three days to recover.

Drouin's job with the photo lab involved lifting carousels of film, a task someone performed for her. The company laid her off, citing "industrial reasons," after almost a year.

Drouin testified that she tires easily; her back hurts; she cannot sit for a long period of time; she cannot lift heavy things; and her feet swell after walking a short distance. She says she is also plagued with bruises that do not heal, particularly on her buttocks. She claims lack of hand coordination makes writing difficult. Drouin and doctors who have examined her or her record have attributed these physical ailments to Ehlers–Danlos syndrome and scoliosis.

** Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by desig-    nation.

Drouin filed an application for Supplemental Security Income (SSI) benefits on July 14, 1988, alleging she became disabled as of her birth date, November 10, 1966. The protective filing date was June 16, 1988. The application was denied when filed and upon reconsideration by the Social Security Administration. Drouin then requested and was granted an administrative hearing, which was held on May 8, 1989, in San Diego. After hearing testimony from Drouin, a medical expert, a vocational specialist and Drouin's stepfather, and reviewing all documents in the record, the Administrative Law Judge considered the case *de novo* and on July 19, 1989, determined that Drouin was not disabled. The ALJ's decision was approved by the Appeals Council, on April 6, 1990, and became the final decision of the Secretary.

Drouin sought judicial review of the final decision of the Secretary in the United States District Court for the Southern District of California. The district court granted the Secretary's cross-motion for summary judgment and Drouin filed a timely appeal to this court.

## II. STANDARD OF REVIEW

■ We review the district court's grant for summary judgment *de novo*. *McAllister v. Sullivan*, 888 F.2d 599, 601 (9th Cir.1989). The Secretary's decision adopting the ALJ's denial of benefits will stand if we determine that substantial evidence supports the ALJ's findings and that the ALJ applied the correct legal standards. *Id.*

■ Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). We review the administrative record in its entirely to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination.

*Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986).

## III. DISCUSSION

A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order for the claimant to qualify for benefits, that impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984).

■ The claimant has the burden of establishing her prima facie case of disability. *Gallant*, 753 F.2d at 1452. The claimant establishes a prima facie case of disability showing her impairment prohibits her from doing her previous job. *Id.* The burden then shifts to the Secretary to show she can do other sorts of jobs available in the national economy. *Id.*

At claimant's hearing before the ALJ, Dr. James H. Aldrich testified that Ehlers–Danlos syndrome causes weakness in the connective tissue which supports the body. Individuals with the disease are susceptible to easy bruising because the linings of the small arteries are defective; their skin is also more susceptible to lacerations, which can take longer than normal to heal because of impaired connective tissue function. The disease can also cause joint problems.

While people diagnosed with Ehlers–Danlos syndrome may suffer from the health problems listed above, the disease is not, according to Dr. Aldrich, associated *per se* with pain, weakness, tiredness or lack of coordination. Dr. Aldrich further testified that people with the disease should avoid heavy lifting because of weakened muscle

support and should avoid physical trauma because of their tendency to bruise easily and heal slowly. Other than those restrictions, Dr. Aldrich submitted that people with the disease should not have any particular problem with working. Dr. Aldrich also noted that Drouin's other condition, scoliosis, is not necessarily associated with any pain, immobility or other limitations.

The record includes a report prepared in 1988 by Dr. Ernesto Fernandez. Dr. Fernandez conducted a disability evaluation of Drouin. He noted her chief complaints as low back pain, thoracic pain, and scoliosis. He wrote, "Pain is considered minimal or an annoyance with no handicap in activity." According to his report, the pain has been intermittent but is now chronic, and on a scale of one to ten, with ten being the most severe, Drouin rated the pain at five.

Dr. Ghassen Bahrambeygui examined Drouin in 1988, when he evaluated her for purposes of receiving general relief, and again in 1989. In his evaluation, Dr. Bahrambeygui declared Drouin's status as "unemployable for 9 months or longer." Both Dr. Bahrambeygui and Dr. Fernandez note that Drouin suffers from Ehlers–Danlos syndrome and scoliosis.

A vocational specialist, Steven Tennenbaum, testified that Drouin is not able to return to her past jobs because she is unable to sit or stand for long periods of time and to carry heavy loads. However, Tennenbaum did testify that Drouin would be able to perform "entry level" or "sedentary" work where she would only have to sit or stand for short periods of time, alternate sitting and standing, walk up to a block and a half, and not lift more than five or ten pounds. Tennenbaum estimated that there are thousands of such jobs in San Diego.

Drouin maintains that the Secretary erred in failing to properly consider the medical evidence establishing a disability and in rejecting her complaints of pain as not credible. We find the Secretary erred in neither respect.

■ The ALJ is charged with determining credibility of medical testimony and resolving ambiguities in the evidence. *Ma-*

*gallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984).

■ In this case, while some of the evidence could be interpreted to support a finding that Drouin is disabled, more convincing evidence supports a conclusion that she is not disabled. While it is well documented that Drouin suffers from chronic health problems, the opinions of medical and other experts differ on how those problems restrict her ability to work. She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs. Thus, we find substantial evidence to support the ALJ's determination that Drouin is not disabled.

■ We also find the ALJ correct in finding Drouin's subjective complaints about severe pain not credible. As this court recently concluded, the standard set out in *Cotton v. Bowen,* 799 F.2d 1403 (9th Cir.1986), is the proper standard to use in evaluating pain in Social Security disability cases. *Bunnell v. Sullivan,* 947 F.2d 341, 348 (9th Cir.1991) (en banc).

The "*Cotton* standard," while requiring the claimant to produce medical evidence of an underlying impairment reasonably likely to be the *cause* of the alleged pain, does not require the claimant to submit medical findings which support the *severity* of pain. *Bunnell,* 947 F.2d at 343. Thus, the ALJ may not discredit the claimant's subjective allegations of how bad his or her pain is solely on the ground that those allegations are not supported by objective medical evidence. *Id.*

The ALJ considered the following factors in determining that Drouin's allegations of severe, disabling pain were not credible: according to her own testimony, she did not lose her past two jobs because of pain; she neither takes medicine nor undergoes treatment for pain; testimony and records from medical experts indicate her physical im-

pairments are not necessarily associated with pain; her daily activities are such that she could perform work tasks; and at the hearing there was no indication that she was suffering pain.

Drouin's argument that the ALJ rejected her testimony solely on the basis of his observations of her at the hearing is without merit. As described above, the ALJ's personal observation was only one factor taken into consideration. Here, where claimant alleges pain above and beyond that indicated by objective medical findings, the Secretary has appropriately applied the *Cotton* standard and exercised his discretion to disbelieve her testimony. The Secretary's decision was not based solely on Drouin's lack of objective medical evidence and is supported by specific findings as required. *Cotton*, 799 F.2d at 1407.

## IV.  CONCLUSION

We find substantial evidence in the record to support the Secretary's final decision. Accordingly, we AFFIRM the judgment of the district court.