990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank MELLUZZO, husband; Wanita Melluzzo, wife, Plaintiffs-Appellants,
v.
Manuel LUJAN, Jr., Secretary of Department of Interior,
Defendant-Appellee.
 No. 92-16115.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank and Wanita Melluzzo appeal the district court's summary judgment in favor of the Secretary of the Interior ("Secretary" or "government") in the Melluzzos' action seeking review of an Interior Board of Land Appeals' ("IBLA") decision. The IBLA upheld the administrative law judge's ("ALJ") decision invalidating two mining claims held by the Melluzzos. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. See Gilmore v. Lujan, 947 F.2d 1409, 1411 (9th Cir.1991). We must uphold determinations by the Bureau of Land Management ("BLM") and the IBLA unless those determinations are "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law." Dredge Corp. v. Conn, 733 F.2d 704, 707 (9th Cir.1984) (quotations omitted). "While the standard of review is narrow, we carefully search the record to determine that 'the decision was based on a consideration of the relevant factors.' " Gilmore, 947 F.2d at 1411 (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 II
 
 4
 The Melluzzos contend the district court erred because the government failed to establish a prima facie case that the Melluzzos' mining claims were invalid. This contention lacks merit.
 
 
 5
 "Under the mining laws Congress has made public lands available to people for the purpose of mining valuable mineral deposits and not for other purposes." United States v. Coleman, 390 U.S. 599, 602 (1968). In 1955, Congress "removed from the coverage of the mining laws 'common varieties' of building stone,' " unless such stone had " 'some property giving it distinct and special value.' " Id. at 605 (citations and quotations omitted). Thereafter, to establish the validity of a claim for a common variety mineral, a claimant must show that he or she discovered the mineral deposit, and that the deposit was valuable, before July 23, 1955. Id. at 604-05; see Melluzzo v. Morton, 534 F.2d 860, 862 (9th Cir.1976).
 
 
 6
 In a mining contest, "[t]he government bears the initial burden of presenting a prima facie case that the claims are invalid." Lara v. Secretary of Interior of United States, 820 F.2d 1535, 1542 (9th Cir.1987). In Coleman, the Supreme Court upheld the Secretary's use of the "marketability" test to determine whether a "valuable mineral deposit" had been discovered on a claim. The "marketability" test asks whether the mineral in question can be extracted, removed, and marketed at a profit. Id. at 602-03. The Court further stated that the marketability test is a logical complement to the Secretary's "prudent-person" test that asks whether a person of ordinary prudence would be justified in the further expenditure of labor and means, with a reasonable prospect of success, in developing a valuable mine. Id. at 602.
 
 
 7
 Here, the government properly relied on expert testimony to establish that the stone on the Melluzzos' claims was of "common variety" and that the Melluzzos had not discovered any "valuable mineral deposits" on the claims prior to July 23, 1955 under the "prudent-man" and "marketability" tests. See Rodgers v. Watt, 726 F.2d 1376, 1380 (9th Cir.1984). The expert witnesses testified as to the lack of significant mining activity on the claims since 1954, the widespread availability of the same type of stone in the general area, the general uselessness of the material as building stone, and the lack of a market for such stone. This evidence was relevant to the issues in this case. See Coleman, 390 U.S. at 603-04 (availability of material in general area); Dredge Corp., 733 F.2d at 707 (lack of mining activity); Melluzzo, 534 F.2d at 863) (lack of sales). Moreover, we agree with the district court that the expert testimony was competent.[1]
 
 
 8
 In addition, the government properly relied on evidence submitted by the Melluzzos in an effort to explain prior inconsistent statements made by Frank Melluzzo in earlier proceedings. See Rodgers, 726 F.2d at 1381 ("[i]f a claimant submits evidence that supports the government's claim of invalidity, that evidence can be used to establish the government's prima facie case"); see also Fed.R.Evid. 801(d)(2)(A). This evidence consisted of testimony given by Frank Melluzzo at a 1964 administrative hearing that he could not make a business of selling rocks off any of the claims he held in 1955. Accordingly, the district court did not err by finding that substantial evidence supports the ALJ's finding that the government established its prima facie case.
 
 
 9
 Once the government establishes a prima facie case of invalidity, "[t]he burden then shifts to the claimant to show by a preponderance of the evidence that a valuable mineral deposit has been discovered." Lara, 820 F.2d at 1542. Here, to rebut the government's prima facie case, the Melluzzos offered the testimony of Frank Melluzzo and several other witnesses who testified as to the building stone market in the Phoenix area. The ALJ accorded Frank Melluzzo's testimony little weight because of the prior inconsistent statements Melluzzo had made. The remaining testimony was competent and relevant, but we cannot say the ALJ erred by finding it was insufficient to carry the Melluzzo's burden.
 
 
 10
 Finally, the Melluzzos contend the ALJ and IBLA should have applied the reasoning set forth in Schlosser v. Pierce, 92 Int.Dec. 109 (1986). This contention lacks merit. The district court properly deferred to agency expertise by deciding that whether to apply the Schlosser rationale was within the agency's discretion. See Baker v. United States, 613 F.2d 224, 226-27 (9th Cir.), cert. denied, 449 U.S. 932 (1980).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Melluzzos' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In their opening brief, the Melluzzos attack the validity of a market survey performed by one of the government's witnesses. That witness testified regarding the marketability of the stone on the Melluzzos' claims but the ALJ did not rely on that testimony in his decision