999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sally LUCAS, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-16157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided July 23, 1993.
 
 Before LAY,** HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This is an appeal from the denial of disability benefits in a protracted action under Title II and Title XVI of the Social Security Act. Lucas was in an automobile accident in 1981 and suffered extensive muscle and ligament strains to her right shoulder, arm, hip, and upper back and neck. Her treating physician, Dr. Bodle, a general practitioner, prescribed physical therapy and anti-inflammatory medication and referred her to Dr. Bonneau, an orthopedic surgeon, for evaluation. Dr. Bonneau reported on April 21, 1982, that there was a full range of motion and, in his opinion, Lucas was suffering from cervical spine sprain that was not disabling. In September of that year, Dr. Bodle agreed that Lucas' prognosis was good, but that in her present condition she was "unable to work and would be best in a rehabilitation program." In 1985, Dr. Bodle reported that Lucas continued to suffer considerable pain and was having difficulty in her ability to perform everyday tasks over an extended period of time.
 
 
 3
 Other physicians' opinions in the record reflected no clinical findings to support the subjective symptoms of which Lucas complained. Lucas testified she was unable to work because of pain caused by the injuries to her spine and ligaments. She also testified about a heart condition and numbness in her fingers and arm. Her testimony was corroborated in part, however, by the evidence from the physical therapist who provided therapy to Lucas in 1981 and 1982. The therapist reported that Lucas' condition was the most severe the therapist had seen in connection with ligament strain.
 
 
 4
 In this appeal, Lucas contends first that the ALJ failed to make adequate findings to support the conclusion that her excess pain testimony was not credible. See Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991) (en banc); see also Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir.1986) (per curiam). The ALJ in this case, however, did not discredit Lucas' pain testimony solely upon the absence of objective medical evidence. The ALJ recognized that the lack of objective medical findings was not dispositive. The ALJ explained that he was discrediting the testimony on a number of factors, including the fact that Lucas engaged in temporary work during the two years preceding the hearing, and that Lucas was involved in litigation concerning the car accident. The ALJ concluded, after examining factors apart from the lack of objective medical evidence, that Lucas' testimony concerning excess pain was not credible. We have no basis for overturning that judgment. Because Lucas' pain testimony was not credible, she did not suffer pain as a non-exertional limitation and the ALJ properly relied on the medical-vocational guidelines. See Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 577 (9th Cir.1988).
 
 
 5
 We also cannot accept Lucas' contention that the ALJ disregarded her treating physician's opinion. The ALJ did consider Dr. Bodle's opinion, but explained that her conclusion "that the claimant is incapable of performing any work activity due to her muscular-skeletal impairment" was not supported by the record. The ALJ adequately explained that he was not accepting Dr. Bodle's opinion because it conflicted with the conclusions reached by all of the specialists who examined Lucas. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 6
 Appellant also contends that the ALJ erred by disregarding evidence of her chronic depression and its effect on her ability to work. Lucas did not provide any evidence as to the relationship between her mental state and her claim of inability to work. There is no substantial evidence of chronic depression, merely a reference in Dr. Bodle's medical report to "probable chronic depression." Cf. Sprague v. Bowen, 812 F.2d 1226, 1231-32 (9th Cir.1987) (friend's and daughter's testimony and treating physician's detailed reports constituted substantial evidence of claimant's mental state and its impact on her ability to work). Dr. Bodle did not render any opinion that Lucas' mental condition either alone or in combination with physical limitations affected her ability to work.
 
 
 7
 The ALJ's decision is not arbitrary or capricious and is supported by substantial evidence. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). Accordingly, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 Donna E. Shalala, the current Secretary of Health and Human Services is substituted for former Secretary Sullivan. See Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3