24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William SYLVESTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-56054.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Sylvester appeals pro se the district court's summary judgment in favor of the Secretary of Health and Human Services (Secretary), finding that substantial evidence supported the Secretary's conclusion that Sylvester was not disabled and therefore not entitled to Title II disability insurance benefits or Title XVI supplemental security income (SSI) benefits, 42 U.S.C. Secs. 401-403, 1381-83. Sylvester contends the ALJ erred by (1) giving too much weight to the opinion of Dr. More, his treating cardiologist, without allowing him an opportunity to cross-examine Dr. More, and (2) finding his pain testimony not credible. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In April 1987, Sylvester applied for disability insurance and SSI benefits due to heart problems and an ulcer. Sylvester has a high school education, worked as a painter, and was 45 years-old when he allegedly became unable to work on May 2, 1986.
 
 
 5
 On May 10, 1986, Sylvester sustained a myocardial infarction and tests revealed that he had single vessel coronary artery disease without left main lesion and normal left ventricle function. In June 1986, Dr. Phillip Schmid of the University of Iowa Division of Cardiovascular Diseases examined Sylvester and recommended that he return to work. In August 1986, Dr. H.N. Hirsch reported that Sylvester should not do manual labor but could engage in full employment at a sedentary type of work.
 
 
 6
 In June 1987, Dr. John Baller, a cardiologist, reported that Sylvester complained of palpitations and fatigue and, upon exertion, long-lasting chest pain occurring two to three times a week. In November 1987, Sylvester was hospitalized for unstable angina but x-rays disclosed no active cardiopulmonary disease. In January 1988, Sylvester was referred to Dr. Gary More, a cardiologist, who did a treadmill stress test on Sylvester with unremarkable results and no signs of ischemia. In April 1988, Sylvester complained of chest and left arm pain and a treadmill stress test indicated myocardial ischemia. On April 26, 1988, Sylvester was admitted to a hospital to undergo angiography and angioplasty; a second myocardial infarction occurred after the procedures were performed. On May 7, 1988, he was discharged when his condition was found stable.
 
 
 7
 Dr. Sam El-Toukhy, a general physician, determined that Sylvester's EKG showed definite inferior infarction but that part of his problem was "cardiac neurosis." According to Dr. El-Toukhy, Holter monitoring test results in January 1990 indicated that Sylvester suffered from frequent ventricular ectopic dysrhythmias. Dr. El-Toukhy recommended that serious cardiology consultation was required for a possible pacemaker. Dr. John Bowers, a cardiologist, notified Dr. El-Toukhy that the Holter monitor results did not carry a bad prognosis but indicated an unusual arrhythmia called a "parasystole" that did not need treating or necessitate a pacemaker. Dr. Evan J. Selsky also reviewed the Holster monitor results and concluded that "invasive evaluation of his coronary disease" was not required at this time but should be considered if Sylvester developed unstable crescendo angina.
 
 
 8
 In February 1990, Dr. More informed the ALJ by letter that, in his opinion, Sylvester's angina was stable and that Sylvester tended to have many noncardiac and probably anxiety-related complaints. He also indicated that he felt Sylvester could do full-time or part-time light work. Dr. More wrote that "[i]t is my impression that [Sylvester] has tried to manipulate the system to his own benefit." In April 1990, Dr. Selsky examined Sylvester again and informed Dr. El-Toukhy that Sylvester was not suffering from angina pectoris and further cardiac work was not required at this time.
 
 
 9
 Following denials of his application for benefits, Sylvester and his counsel appeared at a hearing before an administrative law judge (ALJ) on June 30, 1988, and at a supplemental hearing on February 14, 1990, where a vocational expert also appeared. At the supplemental hearing, Sylvester testified that he was unable to work due to a lack of energy, chest pains and irregular heart beats, pain from his ulcer, and numbness in his hands and legs from medications. Joseph Brown, the vocational expert, testified that although Sylvester could not return to past relevant work, he would be capable of performing light work such as unskilled factory work.
 
 
 10
 On August 13, 1990, the ALJ issued a decision finding that Sylvester was able to perform light work and therefore was not eligible for disability insurance or SSI benefits. On April 29, 1991, the ALJ's decision became the final decision of the Secretary when the Appeals Council declined review.
 
 II
 Merits
 
 11
 We review de novo a district court's grant of summary judgment. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will not disturb the Secretary's decision to deny benefits if it is supported by substantial evidence and free of legal error. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 A. Dr. More's opinion
 
 12
 Sylvester contends that the ALJ erred by giving too much weight to Dr. More's statement that Sylvester "tried to manipulate the system to his own benefit." In addition, he argues that he should have been given an opportunity to cross-examine Dr. More during the hearing before the ALJ. These arguments lack merit.
 
 
 13
 The opinion of a treating physician is due greater weight but it is not necessarily conclusive as to either physical condition or the ultimate issue of disability. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Magallanes, 881 F.2d at 751. If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, the ALJ is to accord it controlling weight. 20 C.F.R. Sec. 404.1527(d)(2). More weight is credited to the opinion of specialists about medical issues related to their specialty than to the opinion of non-specialists. 20 C.F.R. Sec. 404.1527(d)(5).
 
 
 14
 Here, in its decision of August 13, 1990, the ALJ did quote from Dr. More's letter which asserted that he felt Sylvester had tried to manipulate the system. Nonetheless, this quotation was made in conjunction with Dr. More's medical finding that Sylvester's treadmill test results were negative and his medical opinion that Sylvester's angina was stable. Dr. More's opinion was consistent with the opinion of two other cardiologists, Dr. Bowers and Dr. Selsky. Because Dr. More was a treating physician and his medical opinion was supported by other examining cardiologists, the ALJ properly gave due weight to Dr. More's medical opinion. See 20 C.F.R. Sec. 404.1527(d)(2); Matney, 981 F.2d at 1019. The ALJ was not obliged to give equal weight to the contradicting opinion of Dr. El-Toukhy, a general physician, whose opinion was inconsistent with the medical evidence. See 20 C.F.R. Sec. 404.1527(d)(5). Upon review of the record, we hold that the ALJ did not rely solely on Dr. More's statement regarding Sylvester's credibility, but properly considered all the medical evidence including Dr. More's opinion concerning the nature and severity of Sylvester's impairment.
 
 
 15
 As to whether Sylvester should have been given an opportunity to cross-examine Dr. More on the contents of his letter, we note that Sylvester's counsel was provided with a copy of Dr. More's letter and afforded an opportunity to respond to these documents. Moreover, Sylvester had the opportunity to subpoena Dr. More in order to secure his appearance before the ALJ but chose not to do so. See 20 C.F.R. Sec. 404.950(d)(2).
 
 B. Subjective Pain
 
 16
 Sylvester also contends the ALJ improperly discredited his pain testimony. This argument lacks merit.
 
 
 17
 Once a claimant produces medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain, the adjudicator may not discredit a claimant's pain testimony without making specific findings which support its conclusion that the testimony is not credible. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991) (en banc); see also Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986) (per curiam) (specific findings required even where the claimant's evidence of the underlying impairment is controverted). Factors that the adjudicator may consider when making such credibility determinations include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side-effects of any pain medication, and relevant character evidence. See Bunnell 947 F.2d at 346; Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir.1989).
 
 
 18
 Here, the ALJ found that Sylvester's subjective complaints were credible only for a minimal degree of pain. The ALJ explained that Sylvester's underlying impairment consisted only of mild heart problems which required a conservative course of treatment. In discrediting Sylvester's complaints of severe chest pain, the ALJ stated that they were inconsistent with the results of treadmill stress tests. The ALJ also noted that Sylvester's daily activities of operating a motor vehicle and attending technical school classes for twenty hours a week were inconsistent with Sylvester's claims of severe pain. Finally, the ALJ found that Sylvester's complaints of cramping in the hands and feet were unsupported by any medically determinable impairment. Because the ALJ made specific findings to support the conclusion that Sylvester's testimony was not credible, we hold that the ALJ did not err by discrediting Sylvester's complaints of severe pain. See Bunnell, 947 F.2d at 345-47.
 
 
 19
 Accordingly, the district court properly granted the Secretary's motion for summary judgment.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3