30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul E. ELLIS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 5, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 An Administrative Law Judge denied Ellis's application for social security disability benefits. The Social Security Appeals Council denied review, making the decision final. Ellis appealed. The district court granted summary judgment to the government. We affirm.
 
 
 3
 Ellis alleges disability due to orthopedic, pulmonary, hearing and mental impairments. He was 33 years old at the time of the hearing before the ALJ. The ALJ determined that Ellis was a malingerer. Since at least 1983, he has complained of back, neck, arm and leg pain. He has a poor psychiatric history and has abused alcohol and marijuana. In 1985, he injured his back while employed as a laborer and clutch mechanic. His workers' compensation eventually terminated and he refused to return to his former employment. He had surgery for the back injury and visited medical specialists for pain and for psychological evaluation and treatment.
 
 
 4
 Many of the specialists testified that Ellis has chronic pain syndrome. That syndrome occurs when the patient has had long-term pain and continues in his sick role because he gets secondary (e.g. financial, emotional) gain. Psychiatrist Bots changed his diagnosis of Ellis throughout his treatment. His diagnoses included mixed dependent and passive-aggressive traits, episodic cannabis abuse, and poor motivation. While Ellis is currently unemployed and spends most of the day in his recliner, he feeds the animals on his parents' farm, drives, walks, and rides a bicycle.
 
 
 5
 We review for substantial evidence and correct legal standards the denial of social security benefits. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 6
 Ellis argues that the government did not show that he could perform substantial, gainful work because the ALJ improperly framed the hypothetical to the vocational expert. The ALJ can use a hypothetical posed to a vocational expert for advice regarding work available to the claimant. DeLorme v. Sullivan, 924 F.2d 841, 850 (1991). The vocational expert's response to the ALJ's hypothetical showed that Ellis can perform substantial, gainful work.
 
 
 7
 And the hypothetical was complete even though it did not include all of Ellis's alleged restrictions. The ALJ "is free to accept or reject these restrictions ... as long as they are supported by substantial evidence." Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989). This applies even when there is conflicting medical evidence. Id. Substantial evidence in the record, such as the evaluations of Dr. Neils, Dr. Bostwick, and the Mayo Clinic, support the ALJ's hypothetical. These evaluations indicate that Ellis has only moderately limited ability to understand and remember detailed instructions, to get along with coworkers, to accept instructions and criticism from supervisors, to work within a schedule and to complete a normal work day.
 
 
 8
 Ellis argues that the ALJ did not give appropriate weight to the treating physicians' opinions. We disagree. "Where conflicting medical opinions exist, the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ should give greater weight to the treating physician but need not accept that opinion if it is conclusionary, brief and unsupported by clinical findings. Id.
 
 
 9
 The ALJ gave specific reasons for rejecting Dr. Bot's opinion. Dr. Bot did not review Ellis's history, perform any psychological tests nor review test results. He made several changes in his diagnosis. The ALJ did not reject Dr. Shanks's opinion. Dr. Shanks said in his deposition that he would defer to a vocational expert on Ellis's ability to work.
 
 
 10
 Finally, Ellis argues that the ALJ erroneously found that he lacked credibility. The judge made specific findings why Ellis's description of his pain and limitations was not credible i.e., his poor motivation to work, his daily farming and other physical activities, observed abilities, inconsistencies in his reports of pain, refusals of medical treatment, and very easy exercise tolerance. Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989) (an ALJ may find a claimant not credible as long as he makes specific findings supporting that decision). These findings are similar to those we have found adequate in other disability cases. See Matney, 981 F.2d at 1020 (daily activities, motivation to obtain benefits, observed behavior); Drouin v. Sullivan, 966 F.2d 1255, 1258-9 (9th Cir.1992) (daily activities, observed behavior, no medical treatment for pain).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3