40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecilia F. LANGEVIN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-55340.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecilia F. Langevin appeals the district court's summary judgment in favor of the Secretary of Health and Human Services ("Secretary") in her action for disability benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 401-403 ("Title II"). The district court held that Langevin was not disabled prior to the expiration of her insurance status on March 31, 1983, and therefore was not entitled to benefits under Title II. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). The Secretary's decision adopting an Administrative Law Judge's ("ALJ") denial of benefits will stand so long as the ALJ's findings are supported by substantial evidence and the ALJ applied the correct legal standards. Id. Where the record supports the Secretary's decision but contrary evidence exists, this court will not substitute its judgment for that of the ALJ. Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1989).
 
 
 4
 Because Langevin's eligibility for benefits under Title II expired on March 31, 1983, she was required to establish that she was disabled prior to that date. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (per curiam) (disability must have existed during the period of claimant's insured status).
 
 
 5
 * Background
 
 
 6
 Langevin applied for disability insurance benefits on August 25, 1985, alleging that she had been disabled since 1980 due to a congenital back disorder. The record reveals that Langevin was initially seen in August 1980 by Dr. Hersch, an orthopedic surgeon, with complaints of pain in her lower back. Physical examination revealed a marked muscle spasm on the right side of her back and tenderness in the right sacroiliac joint. Dr. Hersch diagnosed a lumbosacral sprain with possible radiculectomy and possible herniated disc. At that time, Dr. Hersch did not prescribe any medication and did not take X-rays because Langevin was pregnant. Langevin returned to Dr. Hersch in September 1983, six months after her insured status expired. X-rays taken at that time revealed a transitional L5 and right sacral articulation. In April 1986, a CAT scan revealed a protruding lumbar disc and Langevin underwent a L4-5 lamnectomy and 15-S1 fusion. After the surgery, she continued to complain of pain and physical examinations revealed spasms and some decreased motion. In 1987, an MRI revealed degenerative disc disease at the L4-5 level with a mild bulging disc.
 
 
 7
 The ALJ found that Langevin's testimony regarding the extent of her pain prior to March 31, 1983 was not credible and that she retained residual functional capacity to perform at least sedentary work prior to that date. The Appeals Council rejected Langevin's request for review and the district court granted the Secretary's cross-motion for summary judgment in Langevin's action brought pursuant to 42 U.S.C. Sec. 405(g). Langevin timely appeals.
 
 II
 Analysis
 
 8
 Langevin contends that the Secretary's finding that her pain testimony was not credible is not supported by substantial evidence. This contention lacks merit.
 
 
 9
 Once a claimant produces medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain, the adjudicator may not discredit a claimant's pain testimony without making specific findings which support its conclusion that the testimony is not credible. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991) (en banc). "These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.' " Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir.1991)). A finding that the alleged degree of pain is not supported by objective medical evidence is not sufficient by itself. Bunnell, 947 F.2d at 347. Factors that the adjudicator may consider when making such credibility determinations include the claimant's daily activities, inconsistencies in testimony, type, dosage, effectiveness, and adverse side-effects of any pain medication, and relevant character evidence. Id.; Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir.1989).
 
 
 10
 Here, Langevin submitted evidence of a lubrosacral sprain prior to the expiration of her insured status. Because this was reasonably likely to cause her alleged pain, the ALJ was required to make specific findings properly supported by the record to justify its conclusion that Langevin's pain testimony was not credible. See Bunnell, 947 F.2d at 346-48.
 
 
 11
 The ALJ in this case did not discredit Langevin's pain testimony based solely upon the absence of objective medical evidence in Langevin's favor. The ALJ explained that his decision was based on the following factors: (1) Langevin's lack of medication prior to March 31, 1983, (2) her activities, including occasional driving, light housework and light grocery shopping, and (3) her failure to complete a pain program in 1988 against medical advice. Langevin contends that there is evidence of prescribed medication prior to March 31, 1983. This evidence, however, is not contained in the administrative record.
 
 
 12
 The ALJ's specific findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." See Drouin, 966 F.2d at 1257. Thus, substantial evidence supports the Secretary's finding that Langevin failed to establish that she was disabled prior to the expiration of her insured status. See id. at 1259.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)