65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ola J. STUDER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35772.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided May 31, 1995.
 
 1
 Before BROWNING, REAVLEY,* and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Studer appeals the denial of benefits under Title II and Title IX of the Social Security Act. We remand to the Secretary for further proceedings.
 
 
 4
 * Studer first argues that the ALJ erred by crediting the opinion of Dr. Moser, a non-examining physician, over the opinions of Drs. Toobert and Freedman, both examining physicians. The conclusion of a nonexamining source is entitled to less weight than the conclusion of an examining physician. See Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984); 20 C.F.R. Sec. 416.927(d)(1). Moreover, such an opinion constitutes substantial evidence only if it is supported by other evidence in the record and if the ALJ gives specific, legitimate reasons for rejecting a contradictory opinion of an examining physician. Andrews v. Shalala, slip op., 93-35599 (9th Cir. May 1, 1995), at 5041.
 
 
 5
 In rejecting Dr. Freedman's opinion, the ALJ explained that the long term personality disorder he diagnosed was not consistent with other evidence showing that Studer had been able to hold part time jobs and attend college in the past. The ALJ was entitled to reject Dr. Freedman's opinion based on this evidence. See Gallant, 753 F.2d at 1454.
 
 
 6
 The ALJ erred, however, by adopting Dr. Moser's assessment of Studer's mental capacity without giving specific, legitimate reasons for ignoring the contradictory opinion of Dr. Toobert, who found Studer unemployable due to a severe anxiety disorder. See id. We remand for further consideration.
 
 II
 
 7
 Studer next argues that the ALJ erroneously discounted her subjective testimony regarding her pain. In support of this rejection, the ALJ noted that Studer's "testimony and assertions of dysfunction to doctors is not entirely credible nor consistent with the medical evidence, her appearance and demeanor at the hearing, her description of her daily activities, and her lack of prescriptive pain medication." These reasons were sufficient to support the ALJ's decision. See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir. 1992); see also Social Security Ruling 88-13 (providing guidelines for evaluating such testimony).
 
 III
 
 8
 Studer next argues that she is entitled to benefits under Social Security Ruling 88-15, which provides for a finding of disability when a claimant suffers substantial loss in her ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Although Dr. Freedman answered "yes" to a question whether Studer qualified as disabled under SSR 88-15, he noted only moderate limitation in the specific categories cited in SSR 88-15. Consequently, the ALJ did not err in refusing to find Studer disabled under SSR 88-15.
 
 IV
 
 9
 Finally, Studer argues that the Appeals Council erred by refusing to consider the additional evidence she submitted with her petition for review. Dr. Anderson initially reported to the ALJ that Studer's physical limitations limited her to light or medium work, which both require the ability to stand or walk for at least 6 hours in an 8-hour workday. In June 1989, however, Dr. Anderson completed a Physical Functional Impairment report in which he indicated that plaintiff could only walk one hour a day, stand for 2 hours, and sit for 8 hours a day.
 
 
 10
 These limitations preclude Studer from performing anything beyond sedentary work. 20 C.F.R. Sec. 404.1567 (describing exertional levels); Social Security Ruling 83-10. Because of her advancing age, limited transferability of skills, educational level, and physical limitations, Studer would have qualified for a finding of disabled under Rule 201.14 of the medical-vocational guidelines (the grids). See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.
 
 
 11
 The Appeals Council erred by considering this report to be duplicative, when in fact it downgraded Studer's physical ability substantially and rendered her eligible for an automatic finding of disability. See Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990). Consequently, we remand with directions that the Secretary give further consideration in light of this report.
 
 
 12
 The decision of the district court is REVERSED; the decision of the Secretary is VACATED; and the case is REMANDED for further proceedings consistent with this memorandum of decision.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the
 United States Court of Appeals, Fifth Circuit, sitting by designation.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3