62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy STEVERSON, on Behalf of, Barbara STEVERSON, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 93-56355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1995.
Decided Aug. 4, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy Steverson, on behalf of his deceased wife, Barbara Steverson, appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services, denying her claim for disability insurance benefits. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Barbara Steverson filed a claim for disability benefits on April 21, 1988, claiming a disability onset date of January 1, 1983. Her disability insured status expired on December 31, 1985. She had worked for over 22 years as a food service worker at the University of California, San Diego Medical Center. She died of cancer in November 1992, and her husband, Leroy, took over her claim.
 
 
 4
 The administrative law judge ("ALJ") initially denied her claim. On review before the district court, Judge Lawrence Irving vacated the ALJ's decision and remanded for further proceedings, finding that the ALJ "failed to provide 'clear and convincing' reasons for disregarding the opinions of the treating physicians." On remand, the ALJ again denied Steverson benefits. On appeal to the district court, Judge Gordon Thompson Jr. granted the Secretary's cross-motion for summary judgment on July 19, 1993.
 
 II.
 
 5
 We review a grant of summary judgment de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). We will uphold the Secretary's decision if the findings are supported by substantial evidence in the record and the correct legal standards were applied. Id.
 
 
 6
 Appellant's first claim is that on remand, the ALJ again failed to provide clear and convincing reasons for rejecting the treating physicians' opinions. We do not agree. Although a treating physician's opinion is afforded greater weight, Rice v. Sullivan, 912 F.2d 1076, 1081 (9th Cir. 1990), on reh'g, 947 F.2d 341 (9th Cir. 1991), the ALJ may reject it if he sets forth clear and convincing reasons for doing so. Id. at 1082.
 
 
 7
 The three treating physicians' opinions in question are Drs. Fuller, Sandler, and Lynch. We conclude that in each instance, the ALJ properly accepted or rejected the physicians' opinion. First, regarding Dr. Fuller's reports, the record establishes that, although he concluded she was disabled from performing her prior work, he recommended vocational retraining/rehabilitation for Steverson five times, and indicated she was not disabled for other work. These reports were dated May 20, 1982, June 28, 1983, September 30, 1985, December 12, 1985, and October 14, 1986. In a sixth report, dated May 29, 1984, Dr. Fuller indicated that Steverson could never return to any type of work. It was not error for the ALJ to accept the five consistent reports that Steverson was not totally disabled and to reject the one inconsistent report. See Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992).
 
 
 8
 Regarding Dr. Lynch, the ALJ concluded in part that his reports did not meet the durational requirement necessary under 42 U.S.C. Sec. 423(d)(1)(A) to establish an impairment. Dr. Lynch reported on Steverson twice within six months in 1981. He did not report on her again until 1983. We do not decide whether the ALJ erred in finding that Dr. Lynch did not satisfy the durational requirement because we conclude that the ALJ relied on other evidence to reject Steverson's psychiatric disability. In rejecting her allegations of disability due to her mental condition, the ALJ relied upon Steverson's present capacity to conduct her life. For example, he looked to her ability to attend to all of her personal needs. From this, the ALJ found that Steverson could perform simple and repetitive employment tasks. We conclude that this is sufficient to sustain the ALJ's finding.
 
 
 9
 Finally, we conclude that the ALJ properly rejected Dr. Sandler's 1989 report, the only report in the record by Dr. Sandler indicating that Steverson was disabled. The 1989 report indicated that Steverson was "currently disabled." That report is not sufficient to establish that Steverson was totally disabled prior to the date on which her disability insured status expired, i.e., December 31, 1985. See Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir. 1988).
 
 III.
 
 10
 Appellant next contends that the ALJ improperly concluded that Steverson could engage in light-level work. We do not agree. Steverson bears the burden of proving a disability, but once she establishes that her impairment prohibits her from doing her prior job, the burden shifts to the Secretary to prove that she can engage in other types of work available in the national economy. Drouin, 966 F.2d at 1257. Here, the ALJ found that Steverson could not perform her past relevant work.
 
 
 11
 We conclude that substantial evidence exists to support the ALJ's finding that Steverson could engage in a significant range of light-level work and other work that existed in substantial numbers in the national economy. The ALJ relied on a vocational expert who testified as to the jobs that Steverson could perform. Dr. Fuller also noted that Steverson could perform light work. Further, Steverson had recently completed training to become a receptionist. See 20 C.F.R. Sec. 404.1567(b) (finding of light work is also a finding that one can perform sedentary work). Finally, the ALJ reduced Steverson's residual functional capacity for the full range of light-level work by her own physical limitations.
 
 IV.
 
 12
 Appellant next contends that the ALJ erred in rejecting Steverson's subjective complaints of disabling pain. We do not agree. "The claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged."' Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991), quoting 42 U.S.C. Sec. 423(d)(5)(A). Once the claimant produces this evidence, the ALJ may not discredit the allegations solely on the ground that they are unsupported by objective medical evidence. Id. at 345. The adjudicator may, however, reject the claimant's subjective complaints so long as he makes specific findings supporting his conclusion. Id.
 
 
 13
 We conclude that the ALJ properly rejected Steverson's subjective complaints of pain. Although at least two of Dr. Fuller's reports mentioned her complaints of pain, the X-rays indicated "normal limits" and no treatment was given. Further, while an applicant need not be utterly incapacitated to be eligible for benefits, "if a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that aretransferrable to a work setting, a specific finding to this fact may be sufficient to discredit an allegation of disabling excess pain." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (emphasis in original). Here, Steverson indicated in her disability report that she cooked four times a week, cleaned, shopped, visited friends, drove her car, and went to church regularly and socialized. Based on this evidence, it was not error for the ALJ to conclude that Steverson did not suffer from disabling pain.
 
 V.
 
 14
 Appellant's final contention is that the ALJ failed to consider the combined effect of Steverson's impairments. This contention is meritless. The ALJ considered all of the evidence and concluded that "claimant's impairments, considered individually or in combination, do not meet or equal the criteria contained in the listing of Impairments." The ALJ did not err.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3