94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet K. CAMPBELL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,* Defendant-Appellee.
 No. 94-36140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided Aug. 20, 1996.
 
 1
 Before: GOODWIN and SCHROEDER, Circuit Judges, ARMSTRONG, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff Janet Campbell appeals the judgment of the district court affirming the final decision of the Secretary of Health and Human Services that Campbell is ineligible for disabled child's benefits under Title II of the Social Security Act, 42 U.S.C. § 402(d). The Secretary found that Campbell was not disabled before her 22nd birthday and denied benefits. The district court affirmed.
 
 
 4
 Our review is limited to the question of whether the findings of the ALJ are supported by substantial evidence in the record as a whole and based upon the correct legal standards. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). Substantial evidence is more than a scintilla but less than a preponderance. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 5
 We affirm for the reasons stated by the district court. Substantial evidence in the record supports the Secretary's finding that she is not eligible for child disability benefits under 42 U.S.C. § 402(d).
 
 
 6
 AFFIRMED.
 
 SCHROEDER, Circuit Judge, dissenting:
 
 7
 I respectfully dissent. No doctor who examined Campbell, and was familiar with her Down's Syndrome disorder, was willing to state that Campbell had both the emotional and cognitive abilities to hold down a full time job. A few (Drs. Erb and McKiernan) were willing to attest to the minimal adequacy of her cognitive abilities, but reserved judgment on whether she was sufficiently emotionally stable. Dr. Lehr, Campbell's longtime family physician, certainly did not think she could work, and Dr. Ewing, Campbell's primary care doctor since 1989, found her "markedly limited" in 15 of 20 mental assessment categories and moderately limited in the remaining five. Only Dr. Moulton, who never saw Campbell, opined that she was employable.
 
 
 8
 Moreover, the record shows that Campbell has never done anything more than the occasional odd job, and volunteer work. Notably, Campbell was "fired" from two of her volunteer positions. The ALJ was particularly impressed by Campbell's own testimony that she could work regularly, despite the lack of any full time work experience. Her testimony is a thin reed indeed, given the consensus among the doctors that Campbell is markedly limited in her ability to set realistic goals and make independent plans. No cogent reason is given for accepting Campbell's optimistic forecast and discounting the views of Campbell's family members, who are fully employed, and who have overseen her education and activities throughout her life.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3