**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACEY K. RANDALL, | No. 19-35984 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05966-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 3, 2021**
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Tracey Randall appeals the district court's judgment affirming the Social

Security Commissioner's denial of his application for Supplemental Security

Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of social security benefits, "and will disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citation omitted). We will not reverse an ALJ's decision for harmless error, which exists "when it is clear from the record that the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks omitted).

1.      The ALJ properly evaluated the medical evidence. First, the ALJ properly found that the treating psychologists' opinions were inconsistent with Randall's mental–status examination results and range of activities. Thus, the ALJ discounted their opinions for "specific and legitimate" reasons that are supported by substantial evidence in the record. *See Ford*, 950 F.3d at 1154–56; *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ's failure to discuss Dr. Wingate's 2008 opinion was harmless error because this opinion was entirely consistent with her other opinions, which were duly considered. *See Molina v. Astrue*, 674 F.3d 1104, 1121–22 (9th Cir. 2012).

Second, where the opinions of the state agency medical consultants were consistent with the objective medical findings of record, the ALJ's decision to give

2

"great weight" to their opinions was supported by substantial evidence. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) as amended (Feb. 28, 2018) (finding no legal error where there was no "obvious inconsistency" between a medical opinion and the ALJ's findings). These findings included mild degenerative changes to the spine, no neurologic motor deficits, normal gait, overall conservative treatment with no surgery, positive results from pain medication, and Randall's reported range of activities.

Third, the ALJ did not err in his consideration of evidence from medical providers who did not state an opinion regarding Randall's limitations. The evidence that Randall offers from these other medical providers is consistent with the ALJ's findings. *See id.* Substantial evidence supports the ALJ's determination as to these medical providers. *See Ford*, 950 F.3d at 1154.

2.     The ALJ properly evaluated the "other source" evidence from mental health counselor Bill Wilson. The ALJ considered the counselor's assessment and, in determining Randall's residual functional capacity, the ALJ included some limitations from that assessment. In light of the record as a whole, the counselor's notes do not show that Randall's limitations were more severe. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). Substantial evidence thus supports the ALJ's assessment. *See Ford*, 950 F.3d at

3

1154.

**3.** The ALJ properly discredited some of Randall's testimony about his symptoms and limitations. Randall's allegations of physical and mental symptoms were inconsistent with the record medical findings. *See* 20 C.F.R. § 416.929(c)(4). Improvement with conservative treatment is a convincing reason to discount an allegation of disabling symptoms; conservative measures like medication controlled Randall's symptoms well. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2016); *Tommasetti*, 533 F.3d at 1040. And "an ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled." *Ford*, 950 F.3d at 1156. Randall's activities during the relevant period undermined his allegations. *See Molina*, 674 F.3d at 1113; *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992). Substantial evidence supports the ALJ's determination that Randall was more able and active than he asserted. *See Ford*, 950 F.3d at 1154.

**4.** The ALJ properly discounted the statements of Randall's long-term partner Julie Wilson. Her statements, which echoed Randall's testimony, were inconsistent with the objective medical evidence. Substantial evidence thus supports the ALJ's decision to give her statements "minimal weight."

**5.** Substantial evidence supports the ALJ's residual functional capacity and step-five findings, which included Randall's credible limitations. In the

4

hypothetical question posed to the vocational expert, the ALJ properly included only those limitations found credible and supported by substantial evidence in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**