37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Douglas E. ROGERS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35872.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 13, 1994.
 
 Before: WOOD,** HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Douglas E. Rogers appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services on his claim for social security disability insurance benefits. On appeal, Rogers contends that substantial evidence does not support the Secretary's finding that he is capable of engaging in substantial gainful activity. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Rogers filed a claim for disability benefits on October 2, 1990. At the hearing before the Administrative Law Judge ("ALJ") on March 5, 1992, the evidence revealed that Rogers was 44 years old, possessed a high school education, and his past relevant work was as a diesel mechanic. Rogers' disability onset date was February 17, 1990, when Rogers sustained leg injuries in a car accident. Rogers' treating physician was Dr. George Monkman. Rogers also has prior back problems stemming from an injury while lifting tires in April, 1989. Rogers continued to work until the second injury in February, 1990.
 
 II.
 
 4
 We review a grant of summary judgment de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We examine the record as a whole, and not merely the evidence tending to support or detract from a finding. Bunnell v. Sullivan, 912 F.2d 1149, 1151 (9th Cir.1990). We will uphold the Secretary's decision if the findings are supported by substantial evidence. Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir.1983); 42 U.S.C. Sec. 405(g).
 
 
 5
 Rogers makes two arguments on appeal. First, he contends that the Secretary erroneously relied on the vocational expert's testimony regarding appropriate jobs to fit Rogers' residual functional capacity. Second, Rogers contends that the Secretary failed to prove that a significant number of jobs exist in the national economy that Rogers could perform. We reject both arguments and conclude that the ALJ's decision is supported by substantial evidence.
 
 
 6
 The Secretary evaluates a disability claim under a five-step sequential process. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The claimant bears the burden of proving a disability, but once the claimant establishes that his impairment prohibits him from doing his prior job, the burden then shifts to the Secretary to establish that the claimant can engage in other types of substantial work. Drouin, 966 F.2d at 1257. Because the ALJ concluded that Rogers was impaired, we need only reach the fifth and final step in the sequential process: determining whether the Secretary met her burden of proving that Rogers retained the residual functional capacity to perform other work in the national economy. See Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990). The ALJ concluded that the Secretary satisfied her burden.
 
 
 7
 The record as a whole provides substantial evidence to support this conclusion. Rogers' attorney presented a hypothetical situation to the vocational expert, J.D. Flynn, Ed.D., corresponding to Rogers' age, education background, work history, and exertional limitations. Based on this, the vocational expert identified two types of possible work: cashier and dispatcher. He stated that there are 32,552 cashier jobs in the State of Washington, of which 25% would accommodate Rogers' exertional limitations. The vocational expert also testified that he thought most of the 2,253 dispatcher jobs would accommodate Rogers' condition. The ALJ evaluated Rogers' testimony regarding his physical limitations and the supplemental, post-hearing letters provided by Dr. Monkman, Rogers' treating physician, as well as the other evidence presented, and concluded that Rogers was not disabled.
 
 
 8
 There is substantial evidence in the record that Rogers' need to lie down five or six times a day occurs only when Rogers exceeds his physical capabilities. The jobs identified by the vocational expert do not require Rogers to exceed his physical limitations. Rogers further contends that he is disabled even without consideration of his need to lie down regularly. He relies on Social Security Ruling ("SSR") 83-10 and 83-12 for the proposition that most unskilled jobs are structured so that a worker cannot sit and stand at will. However, the vocational expert limited the number of cashier jobs to 25%, taking into account Rogers' limitations of alternate sitting and standing. The vocational expert also stated that the "overwhelming majority" of dispatcher jobs could be modified to provide for alternate sitting and standing. The Secretary did not improperly rely on the vocational expert's testimony.
 
 
 9
 Rogers' second argument is that the Secretary failed to prove that a significant number of jobs exist in the national economy that Rogers could perform. We do not agree. The vocational expert testified that Rogers was capable of performing 25% of 32,552 cashier jobs, approximately 8,000 jobs, and 2,253 dispatcher jobs. This is a significant number of jobs. See Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir.1986) (Congress has determined that it is "the existence of jobs that is essential," and not "whether a claimant could actually obtain work if he applied for it.").
 
 
 10
 Finally, Rogers' dispute with the vocational expert's choice of words is without merit. The vocational expert's use of the words "thought" and "possibility" to express his opinion was merely semantic and does not lessen the strength of his testimony.
 
 
 11
 The ALJ's finding that the Secretary satisfied her burden by establishing that Rogers' residual functional capacity permits him to perform work existing in significant numbers in the national economy is supported by substantial evidence.
 
 
 12
 The grant of summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3