39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evelyn L. RUSE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-36008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 25, 1994.
 
 Before: LAY,* TROTT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evelyn Ruse appealed to the district court the decision of the Secretary of Health and Human Services denying her application for Social Security disability insurance benefits. The district court affirmed the Administrative Law Judge's ("ALJ") determination that Ruse retained residual functional capacity to perform semi-skilled light work. Ruse contends (1) the ALJ improperly rejected her claims of disabling pain; (2) the ALJ improperly rejected the opinion of her treating physicians; (3) the ALJ erred in determining Ruse could perform light work; and (4) the denial of her application is not supported by substantial evidence on the record as a whole. Because we conclude the ALJ did not err in denying Ruse disability benefits, we affirm the district court order granting the Secretary summary judgment.
 
 STANDARD OF REVIEW
 
 3
 We review de novo the district court's decision granting the Secretary's motion for summary judgment. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). The reviewing court must affirm a denial of disability benefits if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. Id. We review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. Id. "The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 DISCUSSION
 
 4
 In order to obtain disability benefits, Ruse must demonstrate she was disabled prior to December 31, 1987, the date she was last insured. Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991). Claimants are disabled if any medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity. See 42 U.S.C. Sec. 423(d)(1)(A). Because Ruse established a prima facie case of disability by showing her impairments prevented her from performing her previous job, the burden shifted to the Secretary to show Ruse could engage in other types of gainful employment that exist in the national economy. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992).
 
 
 5
 The ALJ determined Ruse was able to perform light forms of semi-skilled employment. The ALJ reached this conclusion by relying on the opinion of a vocational expert and by reference to medical-vocational guidelines. In making this determination, the ALJ did not factor in nonexertional limitations based on Ruse's allegations of severe pain, having concluded her claims were not creditable.
 
 1. Excess Pain
 
 6
 "If the claimant submits objective medical findings establishing a medical impairment that would normally produce a certain amount of pain, but testifies that she experiences pain at a higher level ... the Secretary is free to decide to disbelieve that testimony, but must make specific findings justifying that decision." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986) (citation omitted). These findings may not be based "solely on the ground that the allegations are unsupported by objective medical evidence" and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Bunnell v. Sullivan, 947 F.2d 341, 343, 345-46 (9th Cir.1991) (internal quotations omitted).
 
 
 7
 Factors the ALJ must consider in determining the credibility of the claimant's testimony are listed in Social Security Ruling ("SSR") 88-13:
 
 
 8
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 9
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 10
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 11
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 12
 6. The claimant's daily activities.
 
 
 13
 SSR 88-13, quoted in Bunnell, 947 F.2d at 346.
 
 
 14
 In rejecting Ruse's pain testimony, the ALJ relied on the lack of supporting objective medical evidence and the observations of Dr. Gilman, Ruse's treating physician, that "over the past year [Ruse] has been more physically active than in previous years. She has been off work since 1984 but still functions babysitting, doing housework, yardwork etc."[1] AR at 32. Significantly, Dr. Gilman's report documents Ruse's condition on January 14, 1988, just two weeks after the date Ruse was last insured. Moreover, a panel evaluation for the Department of Labor and Industries, dated April 17, 1986 corroborates Dr. Gilman's January 14, 1988 observations: "[Ruse] gets up at 6 or 7 in the morning, does her housework, works in the yard, cleans her house, goes shopping, looks for work, cooks three meals a day, and reads." AR at 155.
 
 
 15
 "[I]f, despite [her] claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). Because the ALJ made specific findings justifying a decision to disbelieve Ruse's allegations of excess pain, and those findings are supported by substantial evidence in the record, we will not second-guess that decision. Id. at 604.
 
 2. Opinion of the Treating Physicians
 
 16
 The medical opinion of a treating physician is entitled to special weight. "When the ALJ wishes to disregard the treating physician's opinion, he must set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." Fair, 885 F.2d at 604-05 (internal quotations omitted). Ruse contends the ALJ failed to give proper weight to the opinion of her treating physicians.
 
 
 17
 In rendering his decision, however, the ALJ relied on the opinion of Dr. Gilman, Ruse's treating physician through September, 1988. As the trial court noted: "Other doctors referred to in Plaintiff's argument (treating physician Dr. Snow, and examining physicians Drs. Cooke, Stadler, Sosey, Brondos, and Lloyd) did not treat Plaintiff until after December 31, 1987, the date of last insured. While their diagnoses indicate a deterioration of Plaintiff's condition, none of these physicians offer an opinion that Plaintiffs conditions were disabling during her insured status." ER at 18-19. Thus, the ALJ properly relied on the medical opinion of the physician treating Ruse during her insured status.
 
 3. Ruse's Ability to Perform Light Work
 
 18
 Where, as here, the claimant establishes she is no longer able to perform her former work, the burden shifts to the Secretary to show that the claimant could perform other work considering her residual functional capacity, age, education and work experience. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir.1993). In meeting this burden, the ALJ may rely on either the opinion of a vocational expert or medical-vocational guidelines ("guidelines"). Ruse argues the Secretary failed to meet its burden because the ALJ posed an inadequate hypothetical to the vocational expert. Specifically, Ruse contends the ALJ did not ask the vocational expert to consider her 1) spastic colon; 2) mental problems; 3) pain; and 4) fibromyalgia.
 
 
 19
 The vocational expert was not required to consider ailments that did not develop until after the date Ruse was last insured. Moreover, the ALJ also relied on the guidelines in concluding Ruse was capable of performing semi-skilled light work. Guidelines may be used when the claimant is not suffering from nonexertional limitations. See id. Because the ALJ did not credit Ruse's pain testimony and the medical evidence did not show Ruse suffered from a mental impairment prior to December 31, 1987, the ALJ's use of the guidelines was proper. Therefore, any deficiency in the hypothetical presented to the vocational expert was cured by the ALJ's reliance on the guidelines.
 
 4. Sufficiency of the Evidence
 
 20
 "The ALJ is charged with determining credibility of medical testimony and resolving ambiguities in the evidence. Where evidence exits to support more than one rational interpretation the Court must defer to the decision of the ALJ." Drouin, 966 F.2d at 1258 (citation omitted). Ruse argues the ALJ considered only selective portions of the record and disregarded relevant evidence establishing her physical incapacity. Specifically, Ruse contends the ALJ failed to consider her 1) limited ability to reach, lift and bend; 2) inflammations and pain; 3) back problems; 4) mental problems; 5) spastic colon; and 6) fibromyalgia diagnosis.
 
 
 21
 Ruse seeks to import the medical problems she developed after December 31, 1987 into her insured status period. The ALJ could not consider Ruse's back problems, fibromyalgia, spastic colon and mental problems because these ailments became a significant impairment after the date Ruse was last insured. The ALJ did consider the physical impairments Ruse suffered from prior to December 31, 1987, but relied on the substantial medical evidence present in the record to conclude that these ailments were not disabling as of that date. Ruse's treating physician and the Department of Labor and Industries panel of physicians all maintained Ruse was capable of working. Accordingly, there is sufficient evidence in the record to support the ALJ's determination that Ruse was not physically disabled prior to December 31, 1987.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ erroneously cited to Dr. Gilman's report as evidence that Ruse "completed a ten speed bicycle outing in Arizona." We recognize the record does not support such a finding and our decision today excludes any consideration of the alleged bike outing