46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert GARNER, Plaintiff-Appellant,
v.
Donna W. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 12, 1995.
Decided: Jan. 30, 1995.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Garner appealed to the district court the decision of the Secretary of Health and Human Services denying his applications for Social Security disability insurance benefits and supplemental security income benefits. The district court affirmed the Administrative Law Judge's ("ALJ") determination that Garner retained the residual functional capacity to perform a significant number of sedentary jobs existing in the national economy. Garner appeals, contending the ALJ erred by 1) improperly rejecting his claims of disabling pain; and 2) improperly disregarding medical evidence establishing his severe mental limitations. Because we conclude the ALJ did not err in denying Garner disability benefits, we affirm the district court order granting the Secretary summary judgment.
 
 STANDARD OF REVIEW
 
 4
 We review de novo the district court's decision granting the Secretary's motion for summary judgment. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). The reviewing court must affirm a denial of disability benefits if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. Id. We review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. Id. "The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).
 
 DISCUSSION
 
 5
 A claimant is disabled if any medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity. See 42 U.S.C. Sec. 423(d)(1)(A). The claimant may establish a prima facie case of disability by showing his impairment prohibits him from doing his previous job. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). The burden then shifts to the Secretary to show the claimant could engage in other types of gainful employment that exist in the national economy. Id.
 
 
 6
 Here, the ALJ determined Garner was physically unable to perform his former work, but nonetheless concluded that Garner was not disabled because he retained the residual functional capacity to perform a significant number of sedentary jobs. The ALJ reached this conclusion by relying on the opinion of a vocational expert who factored in nonexertional limitations based on Dr. Green's evaluation of Garner's mental limitations. In making this determination, the ALJ did not ask the vocational expert to consider nonexertional limitations based on Garner's allegations of severe pain, having concluded his claims were not credible.
 
 1. Excess Pain
 
 7
 "If the claimant submits objective medical findings establishing a medical impairment that would normally produce a certain amount of pain, but testifies that [he] experiences pain at a higher level (hereinafter referred to as the claimant's 'excess pain'), the Secretary is free to decide to disbelieve that testimony, but must make specific findings justifying that decision." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) (citations omitted). These findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (internal quotations omitted).
 
 
 8
 Factors the ALJ must consider in determining the credibility of the claimant's testimony are listed in Social Security Ruling ("SSR") 88-13:
 
 
 9
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 10
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 11
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 12
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 13
 6. The claimant's daily activities.
 
 
 14
 SSR 88-13, quoted in Bunnell, 947 F.2d at 346.
 
 
 15
 Here, the medical evidence is sufficient to establish that Garner suffers from some level of pain related to his accident in 1988 and the subsequent placement of six metal plates in his skull. There is, however, no objective medical evidence supporting the level of pain Garner claims. Garner alleges he experiences a medium level of constant pain[1] and, additionally, intermittent headache pain so excruciating that he is forced to lie down for several hours until it passes.[2]
 
 
 16
 The ALJ conformed to the requirements of SSR 88-13 by making specific findings justifying his decision to disbelieve Garner's allegations of excess pain. In making his determination, the ALJ considered Garner's ability to take frequent walks, ride a bike, do household chores, visit with friends, and care for his mother. The ALJ found these activities, along with Garner's apparent ability to function without prescription pain medication or involvement in a pain management program, to be inconsistent with Garner's pain testimony. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working."). Because the ALJ made specific findings justifying a decision to disbelieve Garner's allegations of excess pain, and those findings are supported by substantial evidence in the record, we will not second-guess that decision. Id. at 604.
 
 2. Mental Limitations
 
 17
 Garner alleges he suffers from mental limitations which prevent him from working and therefore render him disabled. Garner claims the ALJ erred by improperly relying on the testimony of Dr. Green, who had not examined Garner, and ignoring the medical evidence supplied by the examining psychologists, Dr. Lahman and Dr. Wagoner.
 
 
 18
 Neither Dr. Lahman nor Dr. Wagoner were Garner's treating physicians. But as examining physicians their evaluations should be given more weight than evidence from a non-examining source. See 20 C.F.R. Sec. 404.1527(d)(1). Moreover, evidence from a non-examining, non-treating medical source should be discounted if contradicted by all other evidence. Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).
 
 
 19
 Dr. Green's testimony was not, however, inconsistent with the examining psychologists' evaluations. To the contrary, Dr. Green substantially adopted the findings of Dr. Lahman's first and second psychological evaluations. To the extent these evaluations were inconsistent with Dr. Lahman's third examination[3] and Dr. Wagoner's evaluation, there is substantial evidence in the record supporting the Secretary's resolution of this conflict in favor of Dr. Lahman's first diagnosis.
 
 
 20
 Accordingly, there is sufficient evidence in the record to support the ALJ's determination that Garner suffered from only a mild mental limitation. The district court's grant of summary judgment in favor of the Secretary is AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On a scale from one to ten, Garner rated the constant pain he experienced as typically a five
 
 
 [2]
 Garner testified he suffered a headache attack at least as often as three times a week and rated this pain as a nine or ten
 
 
 [3]
 Because Dr. Lahman's third evaluation was submitted to the Appeals Council, we review that evidence as part of the record. See Bilby v. Schweiker, 762 F.2d 716, 718 n.2 (9th Cir. 1985) (evidence that was before the Appeals Council but not the ALJ was properly before the agency, and therefore the appellate court may consider it in the context of the record as a whole)