67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel QUACKENBUSH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary, Health & Human Services,
Defendant-Appellee.
 No. 94-56236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Quackenbush appeals pro se the district court's summary judgment in favor of the Secretary of Health and Human Services ("Secretary") affirming the Secretary's decision denying Quackenbush's claims for disability benefits and supplemental security income benefits, pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Sec. 405. Quackenbush alleged disability due to a back injury. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will uphold the Secretary's decision if the findings are supported by substantial evidence in the record and the correct legal standards were applied. See id.
 
 
 4
 Quackenbush contends that the administrative law judge ("ALJ") erred by failing to properly consider the medical evidence that was submitted and holding that Quackenbush was not disabled. This contention lacks merit.
 
 
 5
 The ALJ made specific findings assessing Quackenbush's allegation that he was disabled. The ALJ relied on medical records that were submitted, including an evaluation by Dr. John Trettin, an orthopedic surgeon referred by the Social Security Administration to examine Quackenbush. Dr. Trettin determined that Quackenbush had a lumbar degenerative disc disease and probable spondylolysis. His report stated that Quackenbush could not perform repetitive or prolonged bending, stooping, squatting, twisting or riding in a motor vehicle. He did state, however, that Quackenbush could stand and/or walk for up to one hour without interruption and four hours with interruption, and that Quackenbush could sit for approximately one to two hours without interruption and up to six hours with interruption. Dr. Trettin concluded that Quackenbush, despite suffering from some physical limitations, was not disabled. Dr. Trettin was the only physician to examine and provide an opinion with respect to Quackenbush's physical condition.
 
 
 6
 Based on the record, the ALJ found that Quackenbush was capable of returning to any of his past jobs as either a deputy sheriff, patrol officer, correctional officer, security guard, or legal assistant. The ALJ's holding that Quackenbush was not disabled was supported by substantial evidence in the record. See id.
 
 
 7
 Quackenbush also contends that the ALJ erred by disregarding his complaints of excess pain as not credible. This contention lacks merit.
 
 
 8
 A claimant's testimony about the severity of pain can be discredited by the ALJ only if the ALJ makes specific findings that are supported by the record. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991) (en banc). In making its findings the ALJ may consider the claimant's daily activities, the claimant's failure to seek or maintain treatment, inconsistencies in the claimant's testimony, and character evidence. See Drouin, 966 F.2d at 1258-59.
 
 
 9
 Quackenbush presented evidence that he was suffering from an impairment likely to cause physical pain. The ALJ, however, found that Quackenbush's physical activities were inconsistent with his allegations of disabling pain. Quackenbush admitted that he performed gardening, light housecleaning, odd jobs around the house, repairs on his car, and could operate a motor vehicle. Additionally, Quackenbush admitted that he could go camping, hiking, and fishing. Quackenbush also testified that he was attending a community college four days a week.
 
 
 10
 The ALJ also found that Quackenbush did not receive regular treatment for his pain. The record supports the ALJ's determination that Quackenbush received only sporadic treatment for his back pain since March 1992.
 
 
 11
 The ALJ also considered the fact that Quackenbush continued to look for work after the onset of his alleged disabling pain. The record shows that after the alleged onset date of his pain Quackenbush continued to seek work as an investigator, a court clerk, and a meter reader. Therefore, the ALJ's determination that Quackenbush's claim of excess pain was not credible was supported by substantial evidence. See Drouin, 966 F.2d at 1258-59.
 
 
 12
 Finally, Quackenbush contends that the ALJ failed to develop an adequate record. This contention lacks merit.
 
 
 13
 "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1981). Here, the ALJ attempted to make sure the record was complete by requesting medical records from clinics that treated Quackenbush. Further, the ALJ arranged for the examination of Quackenbush conducted by Dr. Trettin, a board certified orthopedic surgeon. Therefore, the ALJ fully and fairly developed the record in this case before it made its determination that Quackenbush was not disabled. Id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3