87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith FONSEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration*, Defendant-Appellee.
 No. 94-36179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided June 4, 1996.
 
 1
 Before: GOODWIN, SKOPIL and SCHROEDER Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Keith Fonsen appeals the judgment of the district court affirming the final decision of the Commissioner of the Social Security Administration denying him disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. According to the ruling of the Administrative Law Judge ("ALJ"), Fonsen was denied disability benefits because he is still able to perform light work. The district court affirmed.
 
 
 4
 Our review is limited to the question whether the findings of the ALJ are supported by substantial evidence in the record as a whole and based upon the correct legal standards. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). Substantial evidence is more than a scintilla but less than a preponderance. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). That standard was met.
 
 
 5
 Fonsen's primary contention on appeal is that the district court erred by improperly discrediting his testimony that chronic back pain prevented him from being able to perform light work. The ALJ is free to reject a claimant's pain testimony. However, such rejection must be supported by the record and the reason for the rejection must be sufficiently specific to allow a reviewing court to conclude that the pain testimony was not arbitrarily rejected. Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991). Here, the ALJ's opinion does not discuss Fonsen's pain testimony in depth. But, a close inspection of the record reveals that the ALJ did not reject Fonsen's pain testimony. Rather, the ALJ accepted Fonsen's pain testimony and incorporated it into the hypothetical that the ALJ posed to the vocational expert. Even considering the pain testimony that Fonsen offered, the vocational expert was able to suggest several light work jobs that Fonsen could perform.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3