116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald PROTSMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-35654.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1997.**
Decided June 12, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-95-00276-LRS; Lonny R. Suko, Magistrate Judge, Presiding.
 Before: REAVLEY,*** PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Protsman appeals the lower court's order affirming the Commissioner's denial of supplemental security benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. The magistrate judge found that the Administrative Law Judge's (ALJ's) determination was supported by substantial evidence and that there had been no commission of legal error, and accordingly granted the Commissioner's motion for summary judgment. We affirm.
 
 
 3
 Protsman argues that the ALJ erred by relying on the testimony of Dr. McKnight, a non-treating, non-examining psychologist. The ALJ called upon Dr. McKnight to render an opinion as to Protsman's mental residual function based upon the entirety of the record. Reports of non-examining medical advisors need not be discounted and may constitute substantial evidence if supported by other evidence in the record and consistent with it. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995). In other words, the ALJ can rely on the testimony of a non-treating, non-examining physician if it is "not contradicted by all other evidence in the record." Id. (quoting Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989)). A number of therapists examined Protsman regarding his functional limitations arising from mental impairments, and Dr. McKnight's conclusions are not inconsistent with their findings. There is evidence in the record to support all testimony of Dr. McKnight relied upon by the ALJ.
 
 
 4
 With respect to Protsman's claim that the ALJ erred in her determination that he was literate, there was substantial evidence in the record to support her conclusion. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). The ALJ relied on valid results obtained from an MMPI test indicating at least some literacy, the fact that Protsman has a high school education, and expert opinion. Moreover, the ALJ stated that she was "unwilling to accept [Protsman's] testimony at face value on any issue," including his claimed inability to read or write. The ALJ's conclusions regarding Protsman's credibility are amply supported by the record. To the extent that a finding of literacy contradicts reports from two examining psychologists, the valid test results and Protsman's lack of credibility constitute "specific and legitimate reasons" for rejecting their conclusions. See Andrews, 53 F.3d at 1043.
 
 
 5
 Protsman contends that the ALJ's determinations are not supported by substantial evidence. There is ample evidence in the record to support the ALJ's conclusion that Protsman could engage in "light" work and that such jobs exist in the economy. Since the Commissioner's decision is supported by substantial evidence and there has been no legal error, we affirm the denial of social security benefits. See Drouin, 966 F.2d at 1257.
 
 
 6
 Finally, Protsman contends that the Appeals Council abused its discretion by refusing to consider a report prepared by a Dr. Pollack when reviewing the ALJ's decision. Protsman failed to submit the report within the Council's prescribed deadline. The Council did not abuse its discretion by refusing to consider material not timely submitted.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3