NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CLIFFORD PORTER, | ) | No. 09-35973 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:08-CV-01555-JPD |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, II, Magistrate Judge, Presiding

Argued and Submitted November 1, 2010
Seattle, Washington

Before:    B. FLETCHER, FERNANDEZ, and BYBEE, Circuit Judges.

Clifford Porter appeals the district court's judgment, which affirmed the

Commissioner of Social Security's denial of Disability Insurance Benefits. We

affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

We are satisfied that a reasonable mind could accept the conclusion that Porter is not disabled. Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). In fact, overall, while not conclusive, we note that Porter was able to hold a job and engage in many other personal and social activities for many years, and there is no indication that his condition has significantly changed. See Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009); Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992). More specifically, we agree with the district court that on this record:

(1) The record supports the administrative law judge's determination[1] that Porter's complaints of disability were not entirely credible because they conflicted with the medical accounts, his own work history, and his regular activities,[2] especially because he worked with essentially the same deficits for one employer for a number of years.[3]

(2) The ALJ sufficiently explained why he did not accept the statements of

_____

[1]Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

[2]See Valentine, 574 F.3d at 693; Bray, 554 F.3d at 1227; Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

[3]See Drouin, 966 F.2d at 1258.

2

the lay witnesses,[4] Porter's sister and former fiancée, on the basis that it conflicted with Porter's own evidence of his activities, including his past work activities, and with medical opinion.[5] The ALJ did fail to mention one lay witness,[6] Porter's minister, but the evidence from that witness was so weak that it would not have affected the decision.[7]

(3) The ALJ could properly reject the opinions of a physician's assistant, who was not an acceptable medical source,[8] where the ALJ determined that the assistant's opinion conflicted with the opinions of physicians. That reason was certainly germane to rejecting the physician assistant's opinion.[9]

(4) The ALJ, based on the medical and other evidence, could properly

---

[4]See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996).

[5]See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1163–64 (9th Cir. 2008); see also id. at 1161.

[6]See Turner v. Comm'r, Soc. Sec. Admin., 613 F.3d 1217, 1224 (9th Cir. 2010); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

[7]See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

[8]See 20 C.F.R. § 404.1513(d)(1).

[9]See Turner, 613 F.3d at 1223–24; Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).

conclude that Porter's back problems were not severe,[10] and that his mental problems were not sufficiently severe to preclude the use of the grids in deciding whether work was available in the national economy.[11]

(5) The ALJ could properly use the grids[12] in deciding that because Porter's mental impairments did not pose a significant limitation,[13] work was available in the national economy. On balance, the ALJ was not required to call a vocational expert, although it may have been better to do so.

In fine, on this record we are not able to state that there was any prejudicial legal error or that the evidence was insufficient to support the Commissioner's determination. See Orn, 495 F.3d at 630; Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

AFFIRMED.

---

[10]See 20 C.F.R. § 404.1520(a)(4)(ii)(step 2); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (discussing weight to be given to examining physicians' opinions); Holohan v. Massanari, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (same).

[11]See 20 C.F.R. § 404.1520(a)(4)(v)(step 5); Hoopai v. Astrue, 499 F.3d 1071, 1076–77 (9th Cir. 2007).

[12]See Heckler v. Campbell, 461 U.S. 458, 461–62, 103 S. Ct. 1952, 1954–55, 76 L. Ed. 2d 66 (1983) (explaining Grids); Hoopai, 499 F.3d at 1075–76 (9th Cir. 2007) (same).

[13]See Hoopai, 499 F.3d at 1077.